United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 06-30934
Summary Calendar

THOMAS CLARK,

        Plaintiff–Appellant,

v.

PARAGON SYSTEMS, INC.,

        Defendant–Appellee.

Appeal from the United States District Court
For the Eastern District of Louisiana
No. 2:06-CV-01307

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

The district court dismissed Thomas Clark's disability discrimination claim because he failed to file his complaint within ninety days after he received notice of his right to sue from the Equal Employment Opportunity Commission.[1]  We affirm.

Clark clearly did not file his lawsuit within ninety days of receipt, but the filing-

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]*See* 42 U.S.C. §§ 12117 & 2000e-5(f)(1).

deadline calculation was complicated by inaccessibility of the district court following Hurricanes Katrina and Rita and a district court order that suspended deadlines and delays, including liberative prescriptive and preemptive periods in all civil cases, until November 25, 2005. But even if the ninety-day-period did not begin until November 25, 2005, which the defendant disputes, Clark's complaint had to be received by the clerk of the court no later than February 23, 2006. Although Clark mailed his complaint on February 14, 2006, it was not received by the clerk until March 9, 2006. If a complaint is mailed, "filing" is accomplished only when the complaint is actually received by the clerk, and filings reaching the clerk's office after a deadline are untimely even if mailed before the deadline.[2] "[H]aving chosen to transmit the [complaint] by mail service, [Clark] assumed the risk of any untimely delivery and filing of [his complaint]."[3]

Clark appears to argue that the postmark date should be used in this case, contending there were "'mailing' problems that were going on at that time with court proceedings, deadlines, phones, filing motions, moving to different locations, etc." and stating "how really bad [the New Orleans] courts were (in terms of damages, loss of employees) after Hurricane[s] Katrina and Rita."[4] Clark does not contend, however, that there was any actual

---

[2]*Scott v. United States Veteran's Admin.*, 929 F.2d 146, 147 (5th Cir. 1991); *see also* FED. R. CIV. P. 5(e) ("The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court . . . ."). *But see generally Houston v. Lack*, 487 U.S. 266 (1988) (recognizing a "mailbox" exception for incarcerated litigants).

[3]*Bad Bubba Racing Prods., Inc. v. Huenefeld*, 609 F.2d 815, 816 (5th Cir. 1980) (concerning the filing of a notice of appeal in the context of a bankruptcy proceeding).

[4]Emphasis omitted.

2

impediment to filing his complaint by February 23, 2006. Although the result seems harsh, Clark chose to risk the vagaries of the postal delivery system despite circumstances that militated against doing so and failed to monitor whether the clerk had received his complaint within the prescribed filing period.

AFFIRMED.